# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TINA MARIE PROVOST,**

        Plaintiff,

v.                                                                                                      Case No: 6:18-cv-885-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

_____

## MEMORANDUM OF DECISION

Tina Marie Provost (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits and supplemental security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by applying the wrong legal standards to the opinion of her treating physician. Doc. 19 at 12. Claimant requests that the case be remanded for further proceedings. *Id*. at 16. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY.**

This case stems from Claimant's application for a period of disability and disability insurance benefits and supplemental security income. Doc. 19 at 1. In both applications Claimant's alleged a disability onset date of November 1, 2012. *Id*. The claims were denied initially and upon reconsideration. *Id*. A hearing was conducted and on June 14, 2017, the ALJ found that Claimant was not disabled and issued an unfavorable decision. *Id*.; R. 23-24.

**II.     THE ALJ'S DECISION.**

In the decision, the ALJ found that Claimant has the following severe impairments: lumbar degenerative disc disease with radiculopathy, cervical degenerative disc disease, headache syndrome, mood disorder, panic disorder, personality disorder, myocardial bridge, hypertension, thyroid disorder, degenerative joint disease of the left knee, restless leg syndrome, bipolar disorder, obesity, and neuropathy.  R. 13.

The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment.  R. 13.

The ALJ found that Claimant has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 20 C.F.R. § 416.967(a) with the following specific limitations:

> She needs the option to change from sitting to standing at least every 30 minutes which is a brief positional change lasting no more than 3 minutes at a tie where the claimant remains at the workstation during the positional change.  She can occasionally use hand controls, reach overhead and climb stairs and ramps.  The claimant cannot climb ladders or scaffolds, or crawl.  She can frequently balance, stoop and crouch.  The claimant should not work in any environments with unprotected heights, moving mechanical parts and temperature extremes.  She is limited to simple tasks and simple work related decisions and have no interaction with the public and just occasional interaction with coworkers and supervisors.

R. 15.  The ALJ concluded that Claimant was unable to perform her past relevant work.  R. 22. The ALJ determined that considering Claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy.  R. 22-23.  The ALJ ultimately found that Claimant "has not been under a disability, as defined in the Social Security Act, from November 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g))."  R. 23.

## III. STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS

Claimant raises one assignment of error in the Joint Motion. Doc. 19 at 12. Claimant argues that the ALJ failed to apply the correct legal standards to the opinion of Dr. Horenstein. *Id*. Claimant describes Dr. Horenstein as her treating physician and discusses, in relevant part, the records as follows:

> In this case, on May 16, 2014, [Claimant] returned to Dr. Horenstein for evaluation of her complaints of frequent episodes of severe chest discomfort (Tr. 492). He noted [Claimant] had 'a complex psychiatric history' with 'refractory severe chest pain[.]' *Id*. Dr. Horenstein noted she became 'visibly upset during the discussion of her psych disease.' *Id*. His assessment included angina pectoris, generalized anxiety disorder, bipolar disorder, unspecified chest pain, myocardial bridging, and shortness of breath (Tr. 495). Dr. Horenstein opined [Claimant] had 'chronic severe

> pain, cannot hold job[.]' *Id*. He reiterated his opinion on June 10, 2014 and August 12, 2014. (Tr. 481, 488).

Doc. 19 at 12, 13.

Claimant argues that the ALJ failed to mention and weigh Dr. Horenstein's opinion that Claimant was unable to work. *Id*. Claimant contends that the Eleventh Circuit has held that the Commissioner must give explicit and adequate reasons for rejecting the opinion of a treating physician. *Id.*, citing *Elam v. RR. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). Claimant states that the fact that the "ALJ failed to discuss the pertinent elements of Dr. Horenstein's opinion 'suggest[s] that those elements were not considered.'" *Id*. (citing *Winschel*, 631 F.3d at 1179).

Claimant's argument does not entitle her to relief. While Dr. Horenstein may have stated in his records that Claimant "cannot hold a job," this is not a medical opinion that must be weighed. At best, the doctor's statement is a recitation of a circumstance Claimant conveyed to the doctor. Further, the statement contains no opinions about what Claimant can do despite her impairments and identifies no physical or mental restrictions. Accordingly, the statement that she "cannot hold a job," even if found multiple times in the record, is not a medical opinion and the ALJ did not err by failing to weigh the statement.

Further, even assuming Dr. Horenstein's "cannot hold a job" notations are medical opinions, the ALJ's failure to weigh the statements is harmless error. To the extent that the statements generally evince an opinion that Claimant is unable to work due to her impairments, that opinion addresses the ultimate issue before the Commissioner – whether Claimant is or is not disabled – and, as such, "is not given any special significance, even if offered by a treating source[.]" *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (per curiam); *see* SSR 96-5p, 1996 SSR LEXIS 2, at *6 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special

significance.").[1]  Whether Claimant can work is a decision reserved for the Commissioner, and is not a functional limitation supported by medical findings.  Accordingly, the ALJ's failure to accord weight to Dr. Horenstein's "opinion" that Claimant cannot hold a job is harmless as the ALJ was not required to defer to the physician.

The Court notes that in response to the argument that the issue is reserved for the Commissioner, Claimant contends that "[t]he Commissioner cannot now rely on post hoc justification for the ALJ's failure to weigh the opinion of Dr. Horenstein."  Doc. 19 at 14.  In support of this assertion, Claimant cites to *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1994), for the proposition that the appellate court will not affirm an ALJ's decision simply because some rationale might support the conclusion.  *Id*.  The Court is not persuaded.  There is nothing in *Owens* that undermines the finding that the statement is not a medical opinion, was not due to be weighed, and was an issue reserved for the Commissioner.  As such, Claimant is not entitled to relief.

Moreover, the Court notes that the ALJ may not have "mentioned" Dr. Horenstein by name," but there are several citations to Dr. Horenstein's records within the decision.  With respect to Claimant's chest pain, myocardial bridge and hypertension, the ALJ noted that she had a cardiac catheterization in May 2014 that was normal and during an August 2014 evaluation, Claimant denied chest pain or other angina discomfort, shortness of breath, palpitations, syncope, presyncope, edema, weight changes, change in exercise tolerance, claudication, orthopnea, paroxysmal nocturnal dyspnea, fatigue, depressed mood, anxious mood, or other symptoms.  R. 18, 21.  In support of these findings, the ALJ cited to Ex. 2F, which includes Dr. Horenstein's

---

[1] The ALJ correctly notes this reservation.  Doc. 21, citing 20 CFR § 404.1527(e)(3); 20 CFR § 4016.927(e)(3).

records reflecting these notations. Thus, the record belies any underlying argument that the ALJ failed to consider Dr. Horenstein's records.

On that note, to the extent that Claimant's argument can be construed as a challenge to the ALJ's failure to weigh Dr. Horenstein's records beyond the "cannot hold a job" statement, the Court finds that any error was harmless. Here, the ALJ provided a thorough discussion and explanation of the medical evidence. Even if the ALJ did not state the weight, the opinion did not undermine the ALJ's decision. *See Wright v. Barnhart*, 153 Fed. Appx. 678 (11th Cir. 2005) (finding that the ALJ's failure to state the weight given to several doctors who opined that the claimant suffered from chronic pain was harmless error because the doctors' opinions did not directly contradict the ALJ's finding that the claimant could perform sedentary work). And there was substantial evidence to support the ALJ's findings.

Finally, in the Joint Memorandum, Claimant states that "the ALJ failed to weigh a single medical opinion in his decision." Doc. 19 at 13. Beside Dr. Horenstein, Claimant does not specify which doctors' opinions should have been weighed. Assuming Claimant argues that the ALJ was required to state the weight of all of the opinions, Claimant fails to provide any discussion regarding these records, how the failure to weigh each opinion resulted in error, and there is no citation to authority on the issue. As such the argument is waived. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").[2]

---

[2] On the issue of waiver, Claimant states in the Complaint that she seeks review on the following grounds: (1) the ALJ did not fully and fairly develop the record; (2) the Appeals Council did not apply the correct legal standard when it denied review; (3) the denial of benefits was arbitrary, capricious, and an abuse of discretion; (4) there is no substantial evidence to support the legal conclusion that Claimant is disabled; and (5) there was adequate proof of Claimant's disability to satisfy the requirements of law. Doc. 1 at 2. Claimant does not discuss these claims in the Joint Memorandum. To the extent that these arguments are in addition to the claims

V.   **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Xing Trl.
Jacksonville, FL 32256-1224

---

regarding Dr. Horenstein and the weight of the opinions, the arguments are also waived. *See Jacobus v. Comm'r of Soc. Sec.*, 2016 WL 6080607, at *n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned.).